WILLIE C. BAKER *v.* STATE OF INDIANA.

[No. 1276S445. Filed February 24, 1978.]

*Harriette Bailey Conn*, Public Defender of Indiana, *John Bean*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *David Michael Wallman*, Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Baker was convicted of commission of a felony while armed by a jury in Madison Circuit Court on November 17, 1975. He was sentenced to fifteen years imprisonment. The crime in issue is the robbery of a Holsum bakery in Anderson by a lone gunman in October, 1974.

Four errors are asserted in this appeal: (1) that the trial court admitted evidence without proper foundation; (2) that the trial court impermissibly admitted evidence of a defense witness; (3) that certain final instructions were either erroneously given or refused; (4) that the evidence was insufficient to support this conviction.

## I.

Appellant challenges the foundation for the admission of a cupcake wrapper as state's evidence, which wrapper contained a fingerprint of appellant. This wrapper was identified by an employee of the Holsum bakery as the same wrapper touched by the robber during the course of the incident in question. An investigating officer further testified that this wrapper was the one referred to by such employee, as the one touched by the suspect, on the day of the robbery. There is thus no merit in this argument.

## II.

Appellant next contends that the trial court erroneously admitted evidence of a defense witness' prior conviction: a violation of the 1935 Firearms Act. This crime is not one which is enumerated as permissibly usable for impeachment purposes under the rule of *Ashton*

v. *Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210, made applicable to criminal trials by *Dexter* v. *State*, (1973) 260 Ind. 608, 297 N.E.2d 817. However, under the circumstances of this case, we find that this disclosure was proper. On direct examination by the defense, this witness was asked whether he had any prior conviction. The witness answered affirmatively, and mentioned a burglary charge. Then, on cross-examination by the prosecution, the witness was asked whether he had any other convictions. Over objection, the witness was allowed to testify as to the firearms act violation. Thus, the appellant having opened the door to evidence of past criminal convictions of this witness on direct examination, he is in no position to complain of any others disclosed on cross-examination. *McDonald* v. *State*, (1975) 163 Ind. App. 667, 325 N.E.2d 862; *Hannah* v. *State*, (1974) 160 Ind. App. 317, 311 N.E.2d 838. There is thus no error here.

### III.

Appellant next challenges the trial court's giving and refusal of certain final instructions. The contended pattern instructions which were given were all approved in prior Indiana cases. The instruction refused was held properly refused in prior Indiana cases. There is no merit in any of the instruction arguments made here.

### IV.

Appellant finally challenges the sufficiency of the evidence to support his conviction of commission of a felony while armed. An employee of the Holsum bakery in Anderson identified appellant as the one who came into the building, pulled a gun and pointed it at her, forced her to hand over the cash drawer of a cash register, and then fled. Appellant's argument here is thus without merit.

The judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Hunter, JJ., concur; Prentice, J., dissents.

NOTE.—Reported at 372 N.E.2d 1174.