CRAIG R. CROSSON *v.* STATE OF INDIANA.

[No. 777S536. Filed June 16, 1978.]

*Michael E. Boonstra,* of Huntington, for appellant.

*Theodore L. Sendak,* Attorney General, *Jack R. O'Neill,* Deputy Attorney General, for appellee.

PIVARNIK, J.—At the conclusion of a jury trial in the Huntington Circuit Court on February 8, 1977, Appellant Crosson was found guilty of inflicting injury in the commission of a robbery. He was sentenced to life imprisonment. The crime in question is the robbery of a gas station in Huntington County in August of 1976, by two men. An employee of the station was shot and wounded in the course of this incident. Appellant Crosson was apprehended when police located a pickup truck which had been identified as having been used by the suspects. At the time of his arrest, appellant directed the police to the money which had been taken from the gas station, and to the guns which had been used at the time of the robbery.

Five errors are alleged in this appeal: (1) that the trial court should not have granted the state's Motion in Limine, which prohibited the defense from commenting about a plea bargain arrangement of one Morris Pierson; (2) that certain photographs were improperly introduced into evidence at trial insofar as they had not been offered to the appellant for inspection at the time of a pretrial conference; (3) that the gun alleged to have been used in the robbery should not have been admitted into evidence, in that there was neither an adequate foundation nor a proper chain of custody established with respect to it; (4) that certain bullets were improperly admitted into evidence, insofar as they were not shown to be relevant nor was a proper chain of custody established as to them, and; (5) that an ammunition disposition record was improperly admitted into evidence, because such record was neither the best evidence nor within the exception to the hearsay rule for business records. Two other errors which have been asserted in appellant's brief are waived. Appellant asserts that his motion for a directed verdict at the close of the state's case was improperly overruled. However, this assertion is not presented and argued in the argument section of appellant's brief, and is thereby waived. *Jenkins* v. *State*, (1975) 263

Ind. 589, 335 N.E.2d 215; Ind. R. Ap. P. 8.3(A)(7). Similiarly, appellent asserts that the evidence was insufficient to sustain his conviction in this case. As this assertion has not been argued in the argument section of appellant's brief, it is likewise waived. *Id.*

## I.

The state's Motion in Limine in this case asked the trial court to prohibit the defense from commenting upon the plea bargain, plea agreement, penalty, or prospective penalty of one Morris Pierson, unless Pierson was called by the state. This motion was granted by the trial court. Pierson never did testify at trial. On appeal, appellant argues that his right of confrontation under the Sixth Amendment of the Constitution of the United States was violated in this instance. It is also argued that the Motion in Limine in this case was an improper one insofar as it did not allege that the plea agreement would be prejudicial to the state.

We do not see how appellant's right of confrontation could have been violated here. There was nothing to prevent appellant from calling Pierson as a witness, if there was something beneficial to his case which Pierson might have testified to. If the state had in fact called Pierson to testify against appellant, and Pierson's credibility as against appellant's would have been in issue, the Motion in Limine would not have been operable under its own terms. However, Pierson did not testify in this case, either for the state or for the appellant. Appellant's argument here is basically a series of speculative statements about what Pierson either could have or would have testified to in favor of appellant's case. Appellant then cites this court to the rule that a jury has a right to know any facts which tend to show a witness' bias, prejudice, or hostility in passing on that witness' credibility. Again, this rule has no applicability to this case since Pierson was not in fact a witness.

Appellant next argues that the state's Motion in Limine

was improper because it did not allege that there was anything prejudicial about the excluded references to Pierson's case. It is true that motions in limine are used before trial as protective orders against *prejudicial* questions and statements which might arise during trial. *See Burrus* v. *Silhavy*, (1973) 155 Ind. App. 558, 293 N.E.2d 794. The trial court has inherent discretionary power to grant such motions in limine. *Lagenour* v. *State*, (1978) 268 Ind. 441, 376 N.E.2d 475 ; *Burrus, supra.* However, it must be remembered that it is not the office of a motion in limine to obtain a final ruling upon the ultimate admissibility of evidence. Rather, the purpose of the motion is to protect the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it to the jury, or presenting it to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself. *Lagenour, supra.* Further, there is no requirement that the wording of the motion itself describe precisely the prejudice that the movant expects to be engendered by the evidence or references. Appellant thus presents no error on this issue.

## II.

Appellant next contends that certain photographs, admitted as exhibits during the state's case-in-chief, were inadmissible insofar as they did not comply with the court's pre-trial discovery order. This pre-trial order directed the state to exhibit to the defendant any photograph which the state intended to use as evidence at trial. The discovery further stated that the trial court retained discretion to either grant a continuance or prohibit a party from introducing evidence in the event that the discovery order was not complied with. The photographs in question were in fact submitted to appellant for his inspection by the state before the trial, although not until a day and a half prior to such trial. Appellant does not argue that the state's action in this instance was a violation of the terms of the trial court's dis-

covery order. He only argues that the state's action was not within the "spirit" of such order. We fail to see, however, how the admission of these photographs either was in violation of the trial court's pre-trial discovery order or otherwise prejudiced appellant. Appellant never asked for a continuance when it became known to him that the state had these photographs. Further, the photographs were pictures of the scene of the crime, and appellant does not show how their existence necessitated any trial preparation beyond what he already knew he had to do. We thus find no error on this issue.

### III.

Appellant next challenges both the foundation and chain of custody for the admission of a gun into evidence.

Any fact which tends to connect appellant with the commission of the crime is admissible. Where there is evidence of identification of an article, submitted to prove a fact, by direct testimony, objections to its sufficiency go to the weight rather than to the admissibility of the article. *Pullins* v. *State,* (1970) 253 Ind. 644, 256 N.E.2d 553. In the present case, the victim of the shooting stated that the gun admitted into evidence by the state was the one with which he was shot. There was thus sufficient foundation for the admission of this gun into evidence. *Baker* v. *State,* (1978) 267 Ind. 643, 372 N.E.2d 1174, 1175; *Moore* v. *State,* (1977) 267 Ind. 270, 369 N.E.2d 628, 630. Insofar as a chain of custody question is involved here, appellant's claim is that though the victim in this case identified the gun at trial, such witness could not account for the whereabout of the gun from the time of the commission of the robbery until the time of the trial. This exhibit in question, however, was neither small, nor one which had physical characteristics fungible in nature and similar to substances familiar to people in their daily lives. Thus, the identification requirements with respect to this exhibit are not as stringent as the requirements for exhibits with the above characteristics, and a mere possibility

that the evidence could have been tampered with does not make it inadmissible. *Gaddis* v. *State*, (1977) 267 Ind. 100, 368 N.E.2d 244 at 249. Police officers who testified for the state did identify the gun as the one seized at the time of appellant's arrest and sufficiently established its whereabouts as being in police custody from that time until the time of the gun's presentation at trial. This testimony, couple with the victim's in-court identification of the gun, sufficiently established chain of custody. There is no error on this issue.

## IV.

Appellant next argues that chain of custody was not established as to certain bullets admitted into evidence, and that the state failed to show the relevance of these bullets. These bullets were found in the gun, discussed in issue III, *supra*, when it was seized by the police. The gun had been pointed out to police by appellant at the time of his arrest. The bullets and shells seized from the gun at that time were thus as relevant and admissible as the gun itself, as proving or tending to prove a material fact. *Pullins* v. *State*, (1970) 253 Ind. 644, 256 N.E.2d 553. The police officer who identified these bullets at trial did not know who had removed these bullets from the gun. However, the evidence in this case sufficiently establishes the fact that these bullets, as either loaded in the gun or taken out, were within the control of police officers between the time of appellant's arrest and the time of trial. Who precisely might have removed the bullets from the gun thus has no bearing on the chain of custody question. We thus find chain of custody sufficiently established in this case as to evidence of this type. *Gaddis* v. *State*, (1977) 267 Ind. 100, 368 N.E.2d 244 at 249. No error is presented on this issue.

## V.

The final argument before us in this appeal concerns the admission into evidence of an ammunition disposition record.

Appellant argues that the record in question was not the best evidence, and did not come under the business records exception to the hearsay rule. The ammunition disposition record was identified by a manager of a store where the ammunition was purchased and the document created. This manager admitted that he did not personally sell the appellant any ammunition.

The purpose and operation of the best evidence rule were stated by this court in the case of *Pinkerton* v. *State,* (1972) 258 Ind. 610 at 620-21, 283 N.E.2d 376 at 382, where it was said:

"The purpose of such rule is to assure that the trier of the facts has submitted to it the evidence upon any issue that will best enable it to arrive at the truth. It is generally applied with respect to documentary evidence, such as written instruments, and it excludes all testimony of the contents of such instruments when the instrument itself is available and could be examined by the jury."

Thus, under the very terms of the rule, the ammunition disposition record was itself the best evidence. The testimony of the manager of the store, heavily stressed by appellant in his brief, was not the best evidence of the transaction when such records were admitted into evidence. Appellant's argument on this point completely misconstrues the best evidence rule, and presents no error.

With relation to the question of the business records exception to the hearsay rule, this exception does not mean that the sponsor of an exhibit must have personally made it, filed it, or have had first-hand knowledge of the transaction represented by it. He need only show that it is part of the records kept in the routine course of business and placed in the record by one authorized to do so, who had personal knowledge of the transaction represented at the time of entry. *Jones* v. *State,* (1977) 267 Ind. 205, 369 N.E.2d 418 at 421; *American United Life Ins. Co.* v. *Peffley,* (1973) 158 Ind. App. 29 at 36-37, 201 N.E.2d 651 at 656, *rehearing denied,* 158 Ind. App. 29, 306 N.E.2d 131. The

manager of the store in this case identified the ammunition disposition record as something having been created in the routine course of business pursuant to federal law by the clerk helping to make the transaction when an ammunition purchase is made. This exhibit thus qualified under the business record exception to the hearsay rule. No error is presented on this issue.

The judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Prentice, JJ., concur; Hunter, J., concurs in result.

NOTE.—Reported at 376 N.E.2d 1136.