Renell D. BAKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 884S321.

Supreme Court of Indiana.

Nov. 20, 1984.

Rehearing Denied Jan. 18, 1985.

Edward C. Hilgendorf, South Bend, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Renell D. Baker was convicted by a jury in the St. Joseph Superior Court of class B felony robbery. The trial court subsequently sentenced him to twenty years imprisonment. Appellant now directly appeals and raises the following two issues:

1. admissibility of certain exhibits; and

2. sufficiency of the evidence.

The facts adduced during trial show that at approximately 10:00 p.m. on August 1, 1983, Howard and Marie Goodhew returned to their home in South Bend to watch television together.. At approximately 10:40 p.m., the couple heard a voice behind them say "Get on the floor, quick" and they turned to find three armed men confronting them. One of the men carried a gun while the other two had knives. Two of the men wore stocking masks. The robbers forced the Goodhews to lie on the floor while they took the Goodhew's money, jewelry and other personal property worth over $7,000. The Goodhews were tied up, their phones were ripped from their connections and a shot was fired into the floor close to where the couple were lying. After the robbers left, the Goodhews freed themselves and went to a nearby pay phone to call the police. They returned home to discover that their bedroom had been ransacked and a glass jar was missing which usually was kept on a shelf in the bedroom closet and held spare change. Several days later, Mrs. Goodhew found the missing jar empty and displaced behind a shoe rack in the bedroom closet. Mr. Goodhew took it to the police who were able to "lift" Appellant's fingerprints from it. Mr. Goodhew identified Appellant as one of the robbers by recognizing Appellant's face. Mrs. Goodhew identified Appellant by his gait.

I

Appellant first argues that the trial court erred by admitting into evidence, over his objection, the following three exhibits presented by the State:

A. Exhibit 12, a man's Sanyo wristwatch;

B. Exhibit 10, a glass jar; and

C. Exhibit 13, latent fingerprint "lifts" taken from Exhibit 10.

A

Appellant claims that Exhibit 12 was improperly admitted because the State failed to properly connect ·him to it. He

has not, however, cited any authority to support his claim. *See* Ind.R.App.P. 8.3(A)(7). Of course, any fact which tends to connect a defendant with the commission of a charged crime is admissible. Moreover, when there is direct testimony identifying an article submitted to prove a fact, sufficiency objections to the article go to the article's weight rather than to the article's admissibility. *Crosson v. State,* (1978) 268 Ind. 511, 376 N.E.2d 1136. We find that the record in Appellant's case shows that Mr. Goodhew identified Exhibit 12 as his wristwatch and identified Appellant as the robber who took the wristwatch from him during the instant robbery. This testimony represents a sufficient foundation to render Exhibit 12 admissible. Exhibit 12 was properly admitted.

B

Appellant next claims that Exhibit 10 was erroneously admitted because the State failed to prove that it was the same jar used to store coins in the Goodhew's bedroom closet and taken to the police station by Mr. Goodhew. Appellant argues that the Exhibit bore no identifying marks and that none of the witnesses to whom it was presented could identify it "from any one of millions of the same type of jar." The State counters by arguing that Mr. Goodhew and all three police officers who handled the jar identified Exhibit 10 as being the same jar they handled. We have carefully reviewed the record in Appellant's case and find that although Mr. Goodhew equivocated in his identification of Exhibit 10, Officers Borkowski and Klosowski both positively identified Exhibit 10 as being the same jar they previously had handled. Specifically, Mr. Goodhew testified that Exhibit 10 "appears to be that jar" but "I'm sure if there were a thousand jars here of the same, and probably made, I wouldn't know which one it was." He also testified that he had tied a string around the top of the jar so that he could carry it without touching it. Officer Borkowski testified that Exhibit 10 was the same jar received by him from Mr. Goodhew and given by him to Officer Klosowski. Officer

Borkowski noted the evidence identification tag on the bottom of the Exhibit which bore his name. He also testified that the jar had a string tied to it when he received it from Mr. Goodhew. Officer Klosowski testified that Exhibit 10 was the jar he received from Officer Borkowski which had a blue "ribbon" tied across its top. Officer Klosowski further testified that he placed the crime evidence tag on the bottom of the jar after he had "printed" the jar. Officer Gersey testified on direct examination that Exhibit 10 was the same jar of which he took possession from Officer Klosowski and kept in the evidence property room until the date of Appellant's trial. During cross-examination, however, Officer Gersey expressed confusion over whether or not the Exhibit was received in a package and testified, *inter alia,* that "I can't say that is the exact jar [Officer Klosowski] brought me by looking at it." Officer Gersey could not recall whether or not the property evidence tag was on the jar when he received it.

■ It is well-settled that before an exhibit is admitted into evidence, a foundation must be laid to establish its relevancy and materiality. Evidence having some tendency to prove a material fact is relevant and, to show a proper foundation for admission, it is only necessary to show that an exhibit is connected to the defendant and is properly identified. Rulings on the relevancy of evidence and on the sufficiency of an exhibit's evidentiary foundation are matters addressed to the sound discretion of the trial court whose decisions will be reversed only for an abuse of that discretion. *Johnson v. State,* (1983) Ind., 447 N.E.2d 1072; *Johnson v. State,* (1983) Ind., 446 N.E.2d 1307; *Goodloe v. State,* (1982) Ind., 442 N.E.2d 346. We now find that the trial court did not abuse its discretion by finding Exhibit 10 admissible. After all, the Exhibit clearly was relevant to show a material fact, to-wit: Appellant was inside the Goodhew home and handled their personal property without their consent at the time of the instant robbery. Moreover, the Exhibit was connected to Appellant and was posi-

tively identified by at least two different witnesses. We also find that a proper chain of custody was established as Mr. Goodhew testified that he gave the jar distinguished by a string tied to it to Officer Borkowski who testified that he gave it to Officer Klosowski who testified that he gave it to Officer Gersey who testified that he securely stored it in the police property room until trial. Exhibit 10 therefore was admissible and any objection to it could go only to its weight. *Crosson, supra.*

## C

■ Appellant also claims that Exhibit 13, latent fingerprint "lifts" (tape impressions) taken from Exhibit 10, was improperly admitted because Exhibit 10 was improperly admitted. We already have held that Exhibit 10 was properly admitted and therefore find that Appellant's claim regarding Exhibit 13 has no merit. We previously have held:

"Evidence of fingerprints is capable of eyewitness identification. It is a sufficient foundation for the introduction of such evidence that a witness identifies it and it has relevance to the issues of the case."

*Hoskins v. State,* (1982) Ind., 441 N.E.2d 419, 423, *quoting Collins v. State,* Ind., 415 N.E.2d 46, 52, *cert. denied* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851. We also have held:

"The admissibility of fingerprint evidence is based on the assumption, universally accepted, that the pattern of each individual's fingerprint can be produced only by contact of that individual's finger with another object. 2 J. Wigmore, *Evidence* § 414 at 389 (3rd ed. 1940); Anno. 28 A.L.R.2d 1115, 1130 (1951); *Medias v. City of Indianapolis,* (1939) 216 Ind. 155, 167, 23 N.E.2d 590, 595, 125 A.L.R. 590 (dictum). This being so there is no danger of "tampering, loss, or substitution"; the presence of appellant's latent fingerprint on the refrigerator indicates that appellant touched the refrigerator."

*Bruce v. State,* (1978) 268 Ind. 180, 242, 375 N.E.2d 1042, 1075, *cert. denied* 439

U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. In the instant case, Officer Klosowski identified Exhibit 13 as latent fingerprint "lifts" he took from Exhibit 10 which showed Appellant's fingerprint. This testimony constituted a sufficient foundation for the admission of Exhibit 13 into evidence. Moreover, Exhibit 13 was relevant to show that Appellant touched the jar which was emptied and moved from a shelf in the victim's bedroom closet during this robbery. Exhibit 13 therefore was admissible.

## II

■ Appellant next argues that the jury's verdict was not sustained by sufficient evidence. Specifically, he argues that Mr. Goodhew's identification of Appellant as the robber, in the absence of fingerprint evidence which was improperly admitted, was not sufficient to support Appellant's conviction. Of course we already have decided that Exhibit 13, the fingerprint evidence linking Appellant to the scene of this crime, was properly admitted. With regard to sufficiency of the evidence questions, this Court will neither reweigh the evidence nor determine the credibility of the witnesses. If there is substantial evidence to support the jury's conclusion that Appellant was guilty beyond a reasonable doubt, the jury's verdict will not be disturbed. *Prine v. State,* (1983) Ind., 457 N.E.2d 217. Reviewing the evidence in the instant case, we find more than sufficient evidence of probative value to justify the jury's verdict.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER, and PRENTICE, JJ., concur.