**Charles KINNEL, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 1083S376.

Supreme Court of Indiana.

April 19, 1985.

Charles A. Beck, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

PIVARNIK, Justice.

Defendant-Appellant Charles Kinnel was found guilty by a jury in the Marion Superior Court of murder, class A felony robbery and class A felony conspiracy to commit robbery. The trial court accordingly sentenced Defendant to sixty years imprisonment for the murder conviction, fifty years imprisonment for the robbery convic- tion and fifty years imprisonment for the conspiracy to commit robbery conviction. The conspiracy sentence was made consec- utive to the murder sentence which was made concurrent to the robbery sentence. Appellant now directly appeals and raises the following four issues for review:

1. admission of certain exhibits into evi- dence;

2. alleged error in the interrogation of witness Pinkton;

3. alleged error in sentencing; and

4. sufficiency of the evidence.

On August 12, 1982, Howard Hall, man- ager of the Wakeup gasoline station locat- ed near the intersection of 38th Street and Post Road in Indianapolis was shot and killed as he was attempting to leave his place of business and drive to the bank to make a deposit. A patron of the service station, Bobby Weaver, was at a gas pump at the time of the shooting and observed the victim struggle with Appellant over possession of a money bag. Weaver subse- quently identified Appellant in a photo- graphic array, in a lineup, and in court at the time of trial. Appellant also was impli- cated as the perpetrator of these crimes by Darnell Burse, an accomplice. Burse had watched the station and knew the time when the victim took the money to a bank for deposit. Burse testified that he parked the car nearby the station and Appellant hid around the corner of a building. When the victim emerged from the gasoline sta- tion, Burse gave Appellant a hand signal whereupon Appellant came around the building, approached the victim and drew a pistol. When the victim refused to give Appellant the money he was carrying, Ap- pellant shot him in the head and killed him. Appellant then fled with the victim's money bag containing seventeen-hundred dollars.

I

Appellant Kinnel first claims that the trial court committed reversible error by admitting State's Exhibit No. 11 into evidence. State's Exhibit 11 was a photo- graph of the victim lying where he had

fallen after he was shot by Appellant with his head and upper body covered by a cloth. Appellant's only objection is that Exhibit 11 is repetitious of Exhibits 9 and 10, which were photographs that also depicted the victim's body. In Exhibits 9 and 10, the photographs were taken from different angles and showed the victim's body fully draped with a cloth. None of the three photographs show any gory details. State's Exhibit 11, along with the two other photos, were depictions of the crime scene and of the victim where he was found by police shortly after the crime. They clearly were admissible. *Akins v. State,* (1981) Ind., 429 N.E.2d 232, *reh. denied* [autopsy photographs]; *Drollinger v. State,* (1980) 274 Ind. 5, 408 N.E.2d 1228; *Crane v. State,* (1978) 269 Ind. 299, 380 N.E.2d 89.

■ Appellant also alleges that the trial court erred by admitting State's Exhibit 17 into evidence since no proper foundation was laid for its admission. State's Exhibit 17 was a photographic copy of page 2 of a three page, monthly banking account statement for Merchants National Bank Checking Account No. 07003880. It was introduced into evidence during the direct examination of Ms. Theresa Melvin, a teller at the Bank. Although the briefs are void of details about Exhibit 17, it is apparent that the Exhibit provided information tending to establish the amount of money in the victim's possession at the time of the robbery. Witness Melvin testified that the document was prepared in the regular course of business and reflected a transaction in early August, 1982, in connection with the Wakeup gasoline station. Witness Melvin further testified that the Exhibit was made from information prepared by herself and other tellers in the regular course of the Bank's business. In regard to business records, this Court has found:

> "With relation to the question of the business records exception to the hearsay rule, this exception does not mean that the sponsor of an exhibit must have personally made it, filed it, or have had first-hand knowledge of the transaction represented by it. He need only show

that it is part of the records kept in the routine course of business and placed in the record by one authorized to do so, who had personal knowledge of the transaction represented at the time of entry."

*Crosson v. State,* (1978) 268 Ind. 511, 518, 376 N.E.2d 1136, 1141. Witness Melvin's testimony showed that the State had carried its burden pursuant to *Crosson* and no error was committed by the admission of Exhibit 17 into evidence.

## II

Appellant next claims that the trial court erred by permitting the State to use certain extra-judicial statements made by witness Pinkton during his police interrogation. Pinkton had told police that Appellant had asked him to dispose of the murder weapon. At trial, however, Pinkton testified that Burse, not Appellant, had asked him to dispose of the weapon and Pinkton denied making the prior statement to the contrary. A videotape of Pinkton's prior statement was then received into evidence indicating his original version as to who requested him to dispose of the murder weapon.

■ When the testimony of a State's witness has surprised the State, a reversal will not flow from permitting the State then to impeach that witness unless the defendant demonstrates that the trial court abused its discretion by doing so. *Teague v. State,* (1978) 269 Ind. 103, 379 N.E.2d 418, *reh. denied.* Moreover, it is proper for the trial court to refuse to limit the interrogation of a witness on direct examination where that interrogation concerns relevant extra-judicial statements of the witness and the purpose of the interrogation is to offset the impeaching effect of the use of the extra-judicial statements during cross-examination. *Williams v. State,* (1981) Ind., 426 N.E.2d 662, *reh. denied.* The trial court acted properly here in permitting the State to use Pinkton's prior extra-judicial statement and no abuse of discretion is shown.

### III

Appellant also claims that the trial court committed reversible error by giving him the maximum penalty on each count. A sentence will be upheld on appeal unless it is so manifestly unreasonable that no reasonable person could find the sentence appropriate to the offense and to the offender. Ind.R.App.Rev.Sen. 2; *Williams v. State*, (1981) 275 Ind. 434, 417 N.E.2d 328. The trial court found the following aggravating factors: Appellant would not be susceptible to rehabilitation, a lesser sentence would depreciate the seriousness of Appellant's crimes and Appellant's past criminal history and attitude justify maximum sentences. Here, Appellant confronted the victim with an intent to rob him of the money sack he was taking to the Bank. When the victim refused to let go of the sack, Appellant shot and killed him. Appellant's accomplice testified that Appellant stated he shot the victim because the victim was stubborn in refusing to hand over the loot. The facts of the crimes as committed here and the aggravating circumstances found by the trial court in regard to the perpetrator do not demonstrate that Appellant's sentences were manifestly unreasonable.

### IV

Finally, Appellant claims that the evidence was not sufficient to sustain verdicts of guilty on all three charges. Our standard of review on sufficiency questions is:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. [citation omitted]. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses."

*Loyd v. State*, (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Appellant here was identified by an eyewitness in the person of a customer in the filling station and by his accomplice. There was substantial evidence of probative value as to every element of the charged crimes. We find no error.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.