**Amos WILSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 885S346.**

Supreme Court of Indiana.

April 24, 1986.

Jerry E. Levendoski, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of one count of Criminal Deviate Conduct, a Class A felony, and of one count of Battery, a Class A misdemeanor. He was sentenced to thirty (30) years for the criminal deviate conduct and to one (1) year for the battery, the sentences to run consecutively.

The facts are: On September 2, 1984, at approximately 2:30 a.m., C.J. while on his way home from a dance met appellant. During their conversation, appellant mentioned that he had some books at home for C.J. They decided to stop by appellant's house for the books. When they arrived at the backdoor of appellant's house, appellant grabbed C.J. from behind and choked him and forced him inside the house. After they were inside the house, appellant pulled a knife from his back pocket and held it to the back of C.J.'s head. Appellant forced C.J. to undress. Later, he forced C.J. to drink from a bottle of vodka and then to lie face down on a bed. Appellant then proceeded to commit an act of anal intercourse with C.J. Later, he forced C.J. to perform fellatio before committing a second act of anal intercourse.

Appellant contends that C.J.'s testimony about the fellatio is inadmissible since the information did not charge him with fellatio. He further contends that the fellatio testimony sets forth a separate, uncharged crime which is highly prejudicial.

Generally, evidence of another crime which is unrelated to the charged offense is inadmissible. *Cary v. State* (1984), Ind., 469 N.E.2d 459; *Beasley v. State* (1983), Ind., 452 N.E.2d 982. However, happenings near in time and place which complete the story of the crime, by proving its immediate context, are admissible under the theory of *res gestae. Forehand v. State* (1985), Ind., 479 N.E.2d 552; *Pitman v. State* (1982), Ind., 436 N.E.2d 74. Evidence of uncharged crimes may be admitted where each of the crimes are so closely related as to be part of an uninter-

rupted transaction. *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311; *Hudak v. State* (1983), Ind.App., 446 N.E.2d 615. The act of fellatio which C.J. was forced to commit on appellant was clearly contemporaneous with the acts for which appellant was charged.

Admission of evidence under the theory of *res gestae* is within the sound discretion of the trial court. *Forehand, supra; Blankenship, supra.* Under the circumstances of this case, we find no abuse of discretion in allowing C.J. to testify. His testimony was relevant and directly related to the charged offenses.

The trial court is affirmed.

All Justices concur.