**Otha Oglee ALLEN, Appellant, (Defendant Below),**

v.

**STATE of Indiana, Appellee, (Plaintiff Below).**

**No. 285S46.**

Supreme Court of Indiana.

July 16, 1986.

Robert R. Garrett, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following jury trial, defendant was convicted of child molesting, a class C felony, unlawful deviate conduct, a class B felony, and child molesting, a class B felony. The sole issue presented in this direct appeal is whether the trial court erred in permitting the State to impeach the defendant on a prior misdemeanor conviction.

During the trial, but before the defendant testified on his own behalf, defense counsel presented an oral motion in limine seeking to prevent the State from inquiring into the defendant's prior criminal record. The ensuing bench conference indicates discussion of defendant's prior convictions for receiving and concealing stolen property, and unspecified "weapons charges." In addition, the discussion included previous charges against the defendant for contributing to the delinquency of a minor and child molesting, neither of which resulted in a conviction. The trial court granted the motion as to the prior charges against the defendant for contributing to the delinquency of a minor and child molesting.

During his direct examination, defendant testified as follows:

Q. Mr. Allen, in 1961 you had a conviction for concealing stolen property, did you not?

A. Yes, sir.

Q. And in 1962 you had a burglary second degree conviction?

A. Yes, sir.

Q. And you received two to five years?

A. Right.

Q. That's the only two convictions that you have, is that correct?

A. That's right.

The State's cross-examination included the following:

Q. Mr. Allen, you mentioned two convictions that you have, is that right?

A. Yes, ma'am.

Q. That was for burglary and receiving stolen property?

A. Yes, ma'am.

Q. And then you told the jury those were the only two convictions you had?

A. Right.

Q. Mr. Allen, in fact, haven't you been convicted of some weapons offenses in the past?

A. They are not felonies, that was misdemeanors.

Q. But you were, in fact, convicted of two weapons charges in the past, is that right?

A. Yeah.

Q. Or is it three, two or three, do you remember?

A. I don't know, but I used to drive a cab and I felt better with it than without it.

BY MS. O'HALLORAN: I object. It is non-responsive. There is no basis for him to explain.

BY THE WITNESS: Okay.

BY THE COURT: Motion is granted. The jury is instructed to disregard the last part of the defendant's answer.

BY MS. O'HALLORAN:

Q. So, Mr. Allen, in fact, you do have several more convictions than what you tried to lead the jury to believe?

A. You talking about felonies or—

Q. Convictions.

A. Well, it wasn't worded to me that way when he asked me.

Q. Didn't Mr. Carmouche say "That's the only two convictions that you have?" And you said, "Yes"?

A. Yes.

Q. And that's not true, is it?

A. If you put it that way I guess it isn't.

Defendant contends that impeachment by cross-examination regarding the prior weapons convictions is prohibited by *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210. We disagree.

Defendant's protection under *Ashton* was lost when he testified on direct examination regarding certain offenses which he contended were his "only two convictions." This opened the door for the State to cross-examine regarding other convictions concealed by defendant's direct testimony. *Baker v. State* (1978), 267 Ind. 643, 372 N.E.2d 1174.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.