A.V. HICKMAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 48S00–8602–CR–133.

Supreme Court of Indiana.

Nov. 24, 1987.

**512**

Al S. Wolbert, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant A.V. Hickman brings this direct appeal from his conviction for murder. The following issues are presented:

1. the State's use of peremptory challenges;
2. cross-examination of defendant regarding other crimes;
3. sufficiency of evidence.

We affirm.

### 1. Peremptory Challenges

█ The equal protection clause of the Fourteenth Amendment forbids the prosecutor to challenge potential jurors solely on account of their race; however, a defendant has no absolute right to a petit jury composed in whole or in part of persons of his own race. *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69; *Weekly v. State* (1986), Ind., 496 N.E.2d 29.

Defendant claims that the prosecutor's exercise of peremptory challenges in the jury selection process resulted in illegal purposeful discrimination against him. In *Batson*, the United States Supreme Court erected a standard by which a defendant could establish a prima facie case of purposeful discrimination in selection of the petit jury. This standard, also adopted by this Court in *Weekly*, requires the defendant to show: (1) he is a member of a cognizable racial group; (2) the prosecutor has peremptorily challenged members of defendant's race; and (3) these facts and other relevant circumstances raise an inference that the prosecutor used that practice to exclude veniremen from the petit jury because of their race. *Batson*, 476 U.S. at 96–98, 106 S.Ct. at 1723, 90 L.Ed.2d at 87–88; *Weekly*, 496 N.E.2d at 31. If the defendant shows these three factors, the State must then come forward with a neutral explanation for challenging the veniremen. The explanation must relate to the particular case to be tried, but it need not rise to the level justifying exercise of a challenge for cause. *Id.*

The Supreme Court stated it had "confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors." 476 U.S. at 97, 106 S.Ct. at 1723, 90 L.Ed.2d at 88. Trial courts are vested with broad discretion to regulate voir dire and will be reversed only on a showing of manifest abuse of discretion and denial of a fair trial. *Hall v. State* (1986), Ind., 497 N.E.2d 916; *Linder v. State* (1985), Ind., 485 N.E.2d 73.

In the instant case, we find that defendant has failed to establish a prima facie case of purposeful discrimination. Defendant, a black man, argues that two black persons were peremptorily excused. The record indicates that one of the two was black but there is no evidence as to the race of the other. Nor does the record disclose whether it was defendant or prosecutor who exercised the peremptory challenge.

Furthermore, defendant raised no objection to the jury's composition at voir dire or trial. His first claim of discrimination is raised upon this appeal. The prosecutor thus had no opportunity to offer a neutral

explanation for his exercise of peremptory challenges.

We find no error on this issue.

### 2. Other Crime Evidence

Defendant contends that the State improperly sought to impeach the defendant regarding a charge of carrying a pistol without a permit and other firearms misconduct which had not been reduced to convictions. He argues impeachment by cross-examination concerning his prior weapons conviction is prohibited by *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210.

On direct examination, defendant testified that he had been arrested three times prior to trial: twice in Mississippi, one of which arrests resulted in a fine, and once in Anderson, Indiana, for a "domestic spat" resulting in no charges being filed. He advised the jury that he had not been in any other "trouble." On cross-examination, the State sought to impeach defendant with a prior conviction for carrying a concealed weapon.

■ Defendant's protection under *Ashton* was lost when he presented on direct examination his history of prior arrests. This opened the door for the State to cross-examine regarding convictions concealed by defendant's direct testimony. *Allen v. State* (1986), Ind., 495 N.E.2d 180; *Baker v. State* (1978), 267 Ind. 643, 372 N.E.2d 1174. We will not permit *Ashton* to serve as a shield behind which a defendant may present false or misleading evidence. The trial court was correct in permitting the cross-examination.

■ Defendant also contends that the State improperly questioned him regarding conduct constituting uncharged criminal conduct. On direct examination, defendant testified to his version of the circumstances surrounding the shooting of the victim, and gave detailed testimony concerning his pistol, the murder weapon, including when, where, and from whom he had acquired it. On cross-examination, the State inquired as to whether defendant had registered the pistol or had obtained a permit for it. Defendant responded negatively to both questions. He now argues the State improperly questioned him concerning facts constituting criminal offenses because the offenses had not been reduced to convictions.

Generally, evidence of another crime which is unrelated to the charged offense is inadmissible. *Cary v. State* (1984), Ind., 469 N.E.2d 459; *Beasley v. State* (1983), Ind., 452 N.E.2d 982. However, happenings near in time and place which complete the story of the crime are admissible, notwithstanding the possible disclosure of a separate uncharged criminal offense. *Wilson v. State* (1986), Ind., 491 N.E.2d 537; *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311.

Defendant's argument is weakened even further because it was his own direct examination testimony which introduced the issue regarding the source of the pistol. Again, he opened the door and cannot now complain of the prosecutor's entry. We find no error on this issue.

### 3. Sufficiency of Evidence

■ Defendant contends that the evidence was insufficient to prove the requisite culpability for murder.

Under Ind.Code § 35–42–1–1, a person commits murder if he knowingly or intentionally kills the victim. Ind.Code § 35–41–2–2 provides in pertinent part:

(a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

Such states of mind are normally not objectively discernible and may only be inferred or deduced from voluntary verbal and physical conduct and surrounding circumstances. *Case v. State* (1984), Ind., 458 N.E.2d 223, 226–27. The necessary intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. *Brumley v. State* (1986), Ind., 492 N.E.2d 281; *Johnson v. State* (1983), Ind., 455 N.E.2d 932.

It is well established that, depending upon the circumstances, the intent to murder may occur as instantaneously as successive thoughts. *Clay v. State* (1982), Ind., 440 N.E.2d 466.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State, supra; Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The killing occurred when, during a dispute in a card game, the defendant pulled out a .38 caliber pistol and shot the victim between the eyes from a distance of three feet. We find this evidence to be sufficient grounds upon which the jury could reasonably find, beyond a reasonable doubt, that the defendant committed the killing knowingly or intentionally.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.