## James McKINNEY, Appellant,

v.

## STATE of Indiana, Appellee.

### No. 45S00–8808–CR–694.

Supreme Court of Indiana.

Aug. 29, 1990.

As Revised Sept. 12, 1990.

Albert Marshall, Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony, for which he received an enhanced sentence of forty (40) years.

The facts are: On April 22, 1986, the victim, David Abram, was driving his automobile in Gary. At an intersection, he saw an acquaintance, Eddie Lipsco, and stopped to converse with him. Suddenly the appellant ran up to the victim's automobile and started shooting at the victim. As he shot, he said, "Well, poor Dave you know you got to die."

As appellant fired shots, the victim lay down on the seat of the car, which allowed the car to roll forward. However, the appellant ran beside the rolling car continuing to fire shots at the victim. Appellant then ran down an alley. Eddie Lipsco came to the aid of the victim and drove him to a hospital. The victim was wounded so severely that he is now a paraplegic.

Although the victim had known appellant for some fifteen years, he did not identify his assailant to the police officers immediately after the shooting. At the hospital, he asked his sisters not to reveal appellant's identity to the police unless he died of his injuries. He stated his reason for not telling authorities was the "street code" of ethics.

Approximately a month after the shooting, appellant was conversing with the victim's wife, and she asked him why he had to paralyze the victim, to which the appellant replied that he had to kill him and that he did not intend just to paralyze him.

Appellant claims there is a total absence of evidence of probative value to sustain the verdict. He concedes that this Court will not weigh the evidence, citing *Arthur v. State* (1986), Ind., 499 N.E.2d 746. Therefore, he contends that because the identity of the gunman was presented by the victim there is no credible evidence to support his conviction. He also bases this upon the fact that two eyewitnesses, a Michael Covarruvios and a Judy Soto, both testified they had a clear view of the assailant and that he was shorter and leaner than appellant.

Appellant also points out that Wardean Curtis, Linda Curtis, and Aaron Sawyer all testified that appellant was in Milwaukee, Wisconsin at the time the incident took place. Uncorroborated testimony of one witness is sufficient to convict a defendant. *Greenlee v. State* (1984), Ind., 463 N.E.2d 1096. This is true even if the witness in question is the victim. *Lamb v. State* (1984), Ind., 462 N.E.2d 1025.

In the case at bar, we not only have the testimony of the victim but also the testimony of his wife concerning her conversation with appellant approximately a month after the incident. The description given by eyewitnesses, which did not match appellant's physique, was evidence placed before the jury for their consideration as was the alibi evidence. A jury is not compelled to believe such evidence submitted by a defendant but is entitled to weigh the evidence and come to a reasonable determination. *See Griffin v. State* (1986), Ind., 493 N.E.2d 439; *Munsey v. State* (1981), Ind., 421 N.E.2d 1115.

Appellant contends the trial court committed reversible error when it permitted the State to cross-examine appellant about his convictions on other crimes. During direct examination of appellant, his attorney went down the entire list of crimes listed in *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210 and one by one elicited the answer from appellant that he had not been convicted of that particular crime. The crimes listed in *Ashton* are those crimes which may be used to impeach a defendant.

On cross-examination, the State asked appellant whether he had ever been convicted of any crimes. Appellant's attorney objected; the trial court ruled, however, that appellant had opened the door by asking specific questions on specific crimes thus leading the jury to the possible conclusion that appellant had never been convicted of any crime. A similar situation occurred in *Hickman v. State* (1987), Ind., 515 N.E.2d 511. In ruling on that case, this Court stated:

> "Defendant's protection under *Ashton* was lost when he presented on direct examination his history of prior arrests. This opened the door for the State to cross-examine regarding convictions concealed by defendant's direct testimony. *Allen v. State* (1986), Ind., 495 N.E.2d 180; *Baker v. State* (1978), 267 Ind. 643, 372 N.E.2d 1174. We will not permit *Ashton* to serve as a shield behind which a defendant may present false or misleading evidence. The trial court was correct in permitting the cross-examination." *Id.* at 513.

The trial court did not err in permitting the State to cross-examine appellant concerning his criminal record.

Appellant claims the trial court erred by refusing to tender his Instruction No. 1 and the accompanying verdict form. Appellant's Instruction No. 1 gave the definition for battery, a Class C felony. When evidence in a case shows that the crime committed, if any, was the one charged, the court is not required to instruct the court on lesser offenses. *Outlaw v. State* (1985), Ind., 484 N.E.2d 10. The facts in this case showing that appellant repeatedly fired at the victim at close range and inflicted such a severe wound that the victim is now paraplegic clearly demonstrates that, if appellant committed any crime at all, he committed the crime of attempted murder.

In order for the instruction of battery to have been given, there must have been evidence from which the jury could find that the lesser offense was committed while the greater was not. *Henning v. State* (1985), Ind., 477 N.E.2d 547. Such evidence is totally lacking in this case. Thus the trial court did not err in refusing the tendered instruction.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.