19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles KINNEL, Petitioner-Appellant,
v.
Robert FARLEY and Pamela Carter,[2] Respondents-Appellees.
 No. 93-2391.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1994.[1]
Decided March 10, 1994.
 
 Appeal from the United States District Court, for the Northern District of Indiana, South Bend Division, No. S92-412; Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Charles Kinnel, an inmate of the Indiana State Prison who was sentenced to a sixty-year term for murder, a fifty-year concurrent term for robbery, and a fifty-year consecutive term for conspiracy to commit robbery, Kinnel v. State, 476 N.E.2d 825 (Ind.1985), sought to challenge his sentences under 28 U.S.C. Sec. 2254 on grounds of the Eighth Amendment and Indiana Constitution.[3] The district judge refused to grant relief and dismissed Kinnel's petition without prejudice. We affirm.
 
 
 2
 Kinnel argues that the sentencing court imposed maximum sentences that were excessive, cruel, and unusual in violation of the Eighth Amendment when it found aggravating factors such as the nature and circumstances of his crimes, past criminal history, and character.[4] The Eighth Amendment does not require individualized sentencing in noncapital cases. Harmelin v. Michigan, 111 S.Ct. 2680, 2701-02 (1991). Nor does it "require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id. at 2705 (Kennedy, J., concurring) (citing Solem v. Helm, 463 U.S. 277, 288 (1983)). Because Kinnel's sentences were not grossly disproportionate to his crimes, there was no Eighth Amendment violation.[5]
 
 
 3
 Kinnel also argues that the district judge should have appointed counsel for him. "[O]ur review of the judge's decision not to request a lawyer for the [petitioner] is deferential. We ask not whether he was right, but whether he was reasonable." Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993). We cannot say that the district judge's assessment of this case and Kinnel's capabilities was unreasonable, so we defer to it.
 
 
 4
 Kinnel forfeited federal review of his due process argument that the sentencing court was biased and prejudiced against him on account of his race. Kinnel failed to present the argument to the Supreme Court of Indiana on direct appeal of his conviction, and is procedurally barred from raising it in this action under Sec. 2254. See Lane v. Richards, 957 F.2d 363, 366 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992). Kinnel made no showing of cause for the procedural default and actual prejudice, and failed to establish that the absence of federal review would produce a fundamental miscarriage of justice sufficient to overcome his default. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir.1993); Mills v. Jordan, 979 F.2d 1273, 1276-77 & 1277 n. 3 (7th Cir.1992).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [2]
 Pamela Carter is substituted for Linley Pearson pursuant to Fed.R.App.P. 43
 
 
 [3]
 In his brief Kinnel did not pursue the state law aspects of his sentencing argument which are not cognizable in all events. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991)
 
 
 [4]
 The state waived the argument that Kinnel procedurally defaulted on his Eighth Amendment claim when its return to the district court's show cause order affirmatively admitted the absence of any procedural bar to this claim. Lilly v. Gilmore, 988 F.2d 783, 784-85 (7th Cir.), cert. denied, 114 S.Ct. 154 (1993)
 
 
 [5]
 Insofar as Kinnel argued that inaccurate information was considered during his sentencing in violation of the Fourteenth Amendment, see United States v. Tucker, 404 U.S. 443, 447 (1972); Townsend v. Burke, 334 U.S. 736, 741 (1948); United States ex rel. Welch v. Lane, 738 F.2d 863, 864-65 (7th Cir.1984), he failed to develop this argument in the proceedings before the district court, and therefore it is waived. Even if the argument had been properly preserved, Kinnel offered no evidentiary support