## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 25 2018, 10:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Troy D. Warner
Deputy Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Theodore Andrew Carney, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 25, 2018 <br><br> Court of Appeals Case No. 18A-CR-559 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Jeffrey L. Sanford, Judge <br><br> Trial Court Cause Nos. 71D03-1702-F6-139 71D03-1710-F4-53 |

**Rucker, Senior Judge.**

[1] A jury convicted Theodore Andrew Carney of arson for starting a fire in a dorm room at a residential corrections facility. He appeals contending the trial court

erred in allowing certain testimony into evidence. We affirm the judgment of the trial court.

## Facts and Procedural History

In May 2017, under terms of an agreement Carney pleaded guilty to theft as a Level 6 felony and was sentenced to twenty-four months in the St. Joseph County Community Corrections program. Carney was placed at the DuComb Center – a 108 bed residential facility housing misdemeanor and certain low-level felony offenders – and assigned to the facility's D dormitory.

In the evening hours of August 17, 2017, while conducting a routine check, a DuComb Center detention officer noticed smoke coming from dormitory D. The South Bend Fire Department was called to the scene, located a fire in the ceiling of the bathroom, and extinguished the blaze. The fire caused extensive damage to the Center. Thereafter on October 5, 2017, the State charged Carney with arson as a Level 4 felony.[1]

A jury trial began December 19, 2017. The State's theory of the case was that Carney aided a fellow resident – Austin Lamberson – in setting the fire by, among other things, providing Lamberson with a cigarette lighter. During trial and without objection the State introduced into evidence Exhibit 15. This

---

[1] Ind. Code §35-43-1-1(a)(3) (2014).

exhibit was a fifty minutes long audio-capable video surveillance tape depicting the events occurring in the "D dorm" the night of August 17, 2017. Tr. p. 112. While the video was being displayed to the jury the director of security at the DuComb Center described what he saw on the video. At the conclusion of trial the jury returned a verdict of guilty. Thereafter the trial court sentenced Carney to twelve years executed in the Department of Correction and ordered him to pay restitution. This appeal followed. Additional facts are set forth below as necessary.

## Discussion

## I.

[5] Carney frames the issue as follows: "Whether the running commentary of DuComb director of security . . . usurped the jury's 'right to determine the law and the facts.'" Appellant's Br. p. 4. There are several problems with Carney's statement of the issue. First, his reference to the jury's right to determine the law as well as the facts implicates article I, section 19 of the Indiana Constitution.[2] However, other than quoting the provision Carney offers no analysis of how it applies to the facts in this case and cites no authority to support his contention. We decline to become a party's advocate and also decline to address arguments that are too poorly developed to be understood.

---

[2] The provision declares: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." IND. CONST. art. I, § 19.

*See Barrett v. State*, 837 N.E.2d 1022, 1030 (Ind. Ct. App. 2005), *trans. denied*. To the extent Carney is attempting to raise a state constitutional claim, this issue is waived. *See Davenport v. State*, 734 N.E.2d 622, 623 (Ind. Ct. App. 2000) (declaring that failure to put forth a cogent argument acts as a waiver of the issue on appeal), *trans. denied*.

[6] Second, although two specific objections Carney raised at trial were overruled – which we discuss below – at no time did Carney make an objection based on the so-called "running commentary" of the State's witness. He now complains "[t]he testimony of the security director falls within the purview of Rule 701 of the Indiana Rules of Evidence." Appellant's Br. p. 25. Carney's attempt to change the theory of why he believes portions of the officer's testimony may have been objectionable is unavailing. The law in Indiana is well-settled that "'a defendant may not argue one ground for objection at trial and then raise new grounds on appeal.'" *Turner v. State*, 953 N.E.2d 1039, 1058 (Ind. 2011) (quoting *Gill v. State*, 730 N.E.2d 709, 711 (Ind. 2000)). Further, to the extent Carney is now attempting to advance a claim for the first time on appeal, this issue is waived. Failure to object at trial waives the issue for review unless fundamental error occurred. *Treadway v. State*, 924 N.E.2d 621, 633 (Ind. 2010). Here Carney makes no claim of fundamental error, and we find none to have occurred.

[7] Next, we note another deficiency in Carney's argument. Indiana Appellate Rule 46(A)(6) requires the statement of the facts section in the appellant's brief to describe in narrative form "'the facts relevant to the issues presented for

review'" supported by citations to the record. *Galvan v. State*, 877 N.E.2d 213, 215 (Ind. Ct. App. 2007) (quoting App. R. 46(A)(6)). The Rule also provides that the statement "shall not be a witness by witness summary of the testimony." App. R. 46 (A)(6)(c). Here, in his Statement of the Facts and in question and answer format Carney devotes fifteen pages of his twenty-seven-page brief to the verbatim testimony given by the DuComb Center security officer. *See* Appellant's Br. pp. 8-23. Not only is Carney's presentation a clear violation of Rule 46, but also it sheds no light on the issue properly before this court. Indeed even if Carney had preserved for review his so-called "running commentary" argument – which he did not – much of the testimony set forth in Carney's statement of facts is simply not relevant to the issue presented.

# II.

[8] All of this brings us to the only issue properly before this court namely: whether the trial court erred in admitting certain testimony into evidence. The decision to admit evidence is within the trial court's sound discretion. *Dixon v. State*, 869 N.E.2d 516, 519 (Ind. Ct. App. 2007). The appellate court will not disturb the trial court's ruling unless it determines the trial court abused its discretion resulting in the denial of a fair trial. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Washington v. State*, 784 N.E.2d 584, 587 (Ind. Ct. App. 2003).

[9]     As mentioned above the director of security for the DuComb Center was testifying while State's Exhibit 15 was published to the jury. During the course of the witness' testimony the State inquired:

> Now, on the video we just saw two people exit the restroom. Do you know who those two individuals are?

Tr. p. 119. Carney objected declaring:

> I'm objecting at this point to commentary of this witness' interpretation of what the exhibit shows. Because I think the tape itself is *best evidence*, and it's up to the jury to determine what they're viewing.

*Id.* at 119-20 (emphasis added). The trial court overruled the objection and the witness responded: "The first person is – the first figure you see is Mr. Lamberson followed by Mr. Carney." *Id.* at 121.

[10]    The best evidence rule refers to the principle that when trying to prove the content of a document, recording, or photograph, an original is the best evidence of that content. *See* Indiana Evidence Rule 1002.[3] The rule also applies to video recordings. *See Wise v. State*, 26 N.E.3d 137, 143 (Ind. Ct. App. 2015) (analyzing the admissibility of copies of cell phone videos under the best evidence rule), *trans. denied*. "The purpose of [the best evidence] rule is to assure that the trier of the facts has submitted to it the evidence upon any issue

---

[3] The Rule provides in relevant part: "An original writing, recording, or photograph is required in order to prove its content unless these rules or a statute provides otherwise." *See also Lawson v. State*, 803 N.E.2d 237, 240 (Ind. Ct. App. 2004) (declaring in part "[t]he best evidence rule is codified as Indiana Evidence Rule 1002 . . . ."), *trans. denied*.

that will best enable it to arrive at the truth. . . . *[I]t excludes all testimony of the contents of such instruments when the instrument itself is available and could be examined by the jury*." *Crosson v. State*, 268 Ind. 511, 518, 376 N.E.2d 1136, 1141 (1978) (emphasis added).

[11]     Here, the video tape was available to and indeed examined by the jury. Thus, the security officer's testimony about the contents of the video appears at odds with the best evidence rule. *See id.* But neither before the trial court nor on appeal to this Court does Carney dispute the accuracy of the officer's testimony. Under similar circumstances our Supreme Court concluded the trial court neither abused its discretion nor committed reversible error by admitting testimony of a witness' account of what he saw on a video where the defendant did not dispute the accuracy of the witness' testimony. *See Jones v. State*, 780 N.E.2d 373, 378 (Ind. 2002) (declaring, in order to obtain a reversal "for the improper use of secondary evidence, an effective objection must identify an actual dispute over the accuracy of the secondary evidence"). We reach a similar conclusion here, namely, because there is no dispute about the accuracy of the security officer's testimony, any error in admitting the testimony was harmless. Harmless error is an error that does not affect the substantial rights of a party. *Littler v. State*, 871 N.E.2d 276, 278 (Ind. 2007).

[12]     A few minutes after the above exchange, the director of security identified Carney's voice on the video recording. The State then inquired:

And kind of based on what you kind of hear here but also when you watched it with a better audio system in your office before, what was said?

Tr. p. 123. Carney objected declaring: "Same objection." *Id.*[4] The trial court overruled the objection but admonished the jury as follows:

> [U]ltimately – and this is at 16:53 or 16:50 on tape. So if you want to go back and listen to it – *he has his impression as to what was said. But ultimately what's important is what you hear on that tape not the witness' interpretation.* I'll just give you that bit of evidence. So it's somewhere at 16:50, somewhere in that area. So if you want to go back when you're deliberating, you can watch the tape at that point.

*Id.* at 124. The witness ultimately answered the question stating: "I heard Mr. Carney say 'Do you think they're going to call the police on us?'" *Id.*

[13] As noted earlier the security officer's testimony about the contents of the video appears at odds with the best evidence rule. *See Crosson*, 376 N.E.2d at 1141. But even assuming the testimony was erroneously admitted, "[a] proper admonishment to the jury is presumed to cure any alleged error, unless the contrary is shown." *Cannon v. State*, 99 N.E.3d 274, 280 (Ind. Ct. App. 2018) (quoting *Hackney v. State*, 649 N.E.2d 690, 694 (Ind. Ct. App. 1995), *trans. denied*). Carney makes no claim challenging the trial court's admonishment. Thus any error is presumed cured.

---

[4] It appears from the record that the "same objection" referred to the "best evidence" objection Carney had raised only a few minutes earlier. In any event our analysis is the same regardless of the basis for the objection.

# Conclusion

[14] We affirm the judgment of the trial court.

Riley, J., and Kirsch, J., concur.