**Milton WEEKLY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 385S125.

Supreme Court of Indiana.

Aug. 4, 1986.

Steven C. Snyder, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Milton Weekly was convicted at the conclusion of a jury trial in the LaPorte Superior Court of attempted murder, a class A felony. He was sentenced to forty (40) years. On direct appeal the following issues are raised for our consideration:

1. sufficiency of the evidence; and
2. composition of the jury.

Appellant was separated from his now former wife, Susan Fisher, at the time of this crime. She was romantically involved with the victim, her present husband, Richard Fisher. On the night of the crime Appellant and Susan were at his residence discussing their domestic situation. The victim arrived there with Susan's two children. When Appellant saw the victim

drive up, he took his shotgun and went to the door. The victim got out of his car and walked Susan's daughter to the door of Appellant's residence. It was cold and the victim had his hands in his pockets. As the victim reached Appellant's steps, Appellant told him to stop. He stopped, and seconds later Appellant shot him and yelled, "[M——— F———], if you come back I'll give you the same or more." The victim had made no threatening comments or gestures, and carried no weapon.

## I

Where sufficiency of the evidence is challenged on review, we do not reweigh the evidence or judge the credibility of witnesses, rather, we look to the evidence most favorable to the State along with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Appellant has never denied shooting the victim, but has maintained his actions were in self defense. Our self defense statute states a person may use deadly force against another person only if he reasonably believes that the force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony. Ind.Code § 35–41–3–2. He now argues there was insufficient evidence to overcome his allegation of self defense. Self defense is a question of fact, to be determined by the jury. *Dean v. State* (1982), Ind., 432 N.E.2d 40, 43, *reh. denied* (1982).

There was sufficient evidence of probative value from which the jury could find beyond a reasonable doubt that Appellant did not act in a reasonable fear or apprehension of death or serious bodily injury to himself or a third person, or to prevent the commission of a forcible felony. Testimony in the present case showed the victim made no threatening comments or gestures; that he carried no weapon; that he stopped when Appellant told him to come

no further; and that two or three seconds after he stopped, Appellant shot him. Appellant, himself, testified he saw no weapon.

## II

Appellant also alleges the trial court erred in permitting a jury panel to be called in which the racial composition did not reflect that of the surrounding area.

The United States Supreme Court recently addressed this issue in *Batson v. Kentucky,* —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Batson, a black man, was indicted in Kentucky on charges of second-degree burglary and receipt of stolen goods. The prosecutor used his peremptory challenges to strike all four black persons on the venire, and a jury composed of only white persons was selected. Defense counsel moved to discharge the jury before it was sworn because the prosecutor's removal of the black veniremen violated Batson's rights under the Sixth and Fourteenth Amendments to a jury drawn from a cross-section of the community, and under the Fourteenth Amendment to equal protection of the laws. Counsel also requested a hearing on the motion. The trial court denied the motion and was affirmed by the Kentucky Supreme Court. The United States Supreme Court remanded the case for further proceedings to determine if the facts established purposeful discrimination on the part of the prosecutor. In doing so, the Court held that the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable to impartially consider the State's case against a black defendant. *Id.* at ——, 106 S.Ct. at 1719. The Court, however, reasserted the time-honored maxim that a defendant has no right to a petit jury composed wholly, or in part, of persons of his own race. *Id.* at ——, 106 S.Ct. at 1716, *citing Strauder v. West Virginia* (1880), 100 U.S. (10 Otto) 303, 310, 25 L.Ed. 664, 666. The cornerstone of the issue at bar is that the defendant has a right to be tried

by a jury whose members are selected pursuant to nondiscriminatory criteria, and that equal protection precludes exclusion of veniremen because of race.

Under the standard set forth in *Swain v. Alabama* (1965), 380 U.S. 202, 223, 85 S.Ct. 824, 837, 13 L.Ed.2d 759, 775, a black defendant could make a *prima facie* case of purposeful discrimination upon a showing that in case after case the prosecutor removed Blacks who had been selected veniremen and had survived challenges for cause, resulting in no Blacks ever serving on juries. In *Batson*, — U.S. at —, 106 S.Ct. at 1720, the Court recognized that *Swain* had "placed on defendants a crippling burden of proof," and that "prosecutors' peremptory challenges are now largely immune from constitutional scrutiny." The Court therefore rejected that portion of *Swain* and adopted a standard by which a defendant could establish a *prima facie* case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at his own trial. *Id.* at — – —, 106 S.Ct. at 1722–23. To do so the defendant must show: (1) he is a member of a cognizable racial group; (2) the prosecutor has peremptorily challenged members of the defendant's race; and (3) these facts and other relevant circumstances raise an inference that the prosecutor used that practice to exclude veniremen from the petit jury because of their race. *Id.* at —, 106 S.Ct. at 1723. By showing these three factors the defendant raises an inference of purposeful discrimination which requires the State to come forward with a neutral explanation for challenging the veniremen; the explanation need not rise to the level required to justify a challenge for cause. *Id.*

In the present case, Appellant has not met this burden. Appellant has failed to present any evidence to fulfill the three-prong test set forth in *Batson*. He has failed to present to us any record of voir dire and likewise has failed to support the statistics in his brief with any citation of authority. This issue represents a total absence of proper record for review. By so doing, Appellant not only has failed to meet the *Batson* test, but also has waived this issue. *Northern v. State* (1986), Ind., 489 N.E.2d 520, 522. The only information given in the record is that Appellant objected to the jury; no reason is set forth. We do not know how many prospective jurors were called, how many were stricken, nor the race of the stricken jurors. No substantiated statistics are given of the racial composition of the community. In light of Appellant's failure to present such evidence we cannot find that he raised an inference of purposeful discrimination. While the Supreme Court declined "to formulate particular procedure to be followed upon a defendant's timely objection to a prosecutor's challenges," *Batson*, — U.S. at —, 106 S.Ct. at 1724, we cannot read the opinion to require a prosecutor to explain his right of peremptory challenges upon a defendant's mere objection to a jury and unsubstantiated claims of discrimination.

While *Batson* addresses the issue of peremptorily challenging veniremen who are members of a particular minority, a related issue concerns whether the jury, once chosen, reflects the racial composition of the surrounding area. The simple absence of black jurors on a panel is insufficient, without more, to establish a violation of Appellant's constitutional rights. Appellant must demonstrate that LaPorte County's jury selection process engages in a purposeful and systematic exclusion of blacks. *Adams v. State* (1982), Ind., 431 N.E.2d 820, 822; *citing Morris v. State* (1977), 266 Ind. 473, 476, 364 N.E.2d 132, 135, U.S. *cert. denied* (1977), 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462, and *Tewell v. State* (1976), 264 Ind. 88, 96, 339 N.E.2d 792, 797. Selection by property tax rolls is valid. *Bryan v. State* (1982), Ind., 438 N.E.2d 709, 718, *reh. denied* (1982); *see also Morris*, 266 Ind. at 476, 364 N.E.2d at 135.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.