**Noel WILLIAMS, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 71A03–8701–CR–29.

Court of Appeals of Indiana,
Third District.

May 20, 1987.

Rehearing Denied June 29, 1987.

Charles W. Lahey, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Noel Williams was convicted by a jury of Rape, a class B felony and Confinement, a class D felony. Williams does not contest the sufficiency of the evidence against him, but only asks us to review whether he was denied his 14th Amendment right to equal protection under the law. Williams claims that his constitutional rights were violated because the State used its peremptory challenges to remove members of his race from the venire.

While it is true that the Equal Protection Clause of the 14th Amendment forbids a prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable to impartially consider the State's case against a black defendant, a defendant has no right to a petit jury composed wholly, or in part, of persons of his own race. *Weekly v. State* (1986), Ind., 496 N.E.2d 29, 30, *citing Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69.

In the instant case, Williams alleges that the prosecutor's exercise of peremptory challenges in the jury selection process resulted in illegal purposeful discrimination against him. To establish a *prima facie* case of purposeful discrimination based solely on evidence concerning peremptory challenges, the elements that the defendant must show were set down in *Batson* and adopted by the Indiana Supreme Court in *Weekly*. Those elements are as follows: (1) he [the defendant] is a member of a cognizable racial group; (2) the prosecutor has peremptorily challenged members of the defendant's race; and (3) these facts and other relevant circumstances raise an inference that the prosecutor used that practice to exclude veniremen from the petit jury because of their race. *Id.* [*Batson,* 476 U.S.] at ——, 106 S.Ct. at 1723. By showing these three factors

the defendant raises an inference of purposeful discrimination which requires the State to come forward with a neutral explanation for challenging the veniremen; the explanation need not rise to the level required to justify a challenge for cause. *Id.*

*Weekly,* 496 N.E.2d at 31.

In the instant case, Williams has shown that he is black and that the prosecutor has peremptorily challenged all of the members of his race from the jury panel. Assuming *arguendo* that Williams has satisfied the three prongs of the *Batson* test, we are not required to reverse the trial court since the State has come forward with neutral explanations for challenging the veniremen.

Turning to the challenged jurors, the record reveals that the father of one of the prospective jurors was convicted and imprisoned for rape—the same offense facing Williams. This person related to the trial court that she retains strong emotions regarding sexual crimes, and for this reason, the State used a peremptory challenge to strike her from the panel. Even though the neutral explanation required under *Batson* need not rise to the level required to justify a challenge for cause, in *Whitehead v. State* (1986), Ind., 500 N.E.2d 149, 153, a juror was dismissed for cause in a situation which was similar to the instant one (in a murder trial where the victim was killed by a relative a juror was removed for cause because her daughter had killed the man she was living with). In *Whitehead,* the court held that the nature of the events and the juror's past experiences are such that the trial judge could infer bias on the part of the juror irrespective of her statement that her judgment would not be affected. *Id.* at 153. In the present case, the State's explanation for challenging this juror was not racially motivated, and the trial court properly overruled Williams' objection to the contrary.

The State challenged another potential juror because she had been represented by Williams' defense counsel. The attorney-client relationship has been recognized as a legitimate reason to challenge a prospec-

tive juror, and it is within the trial court's discretion to determine a juror's competence upon a challenge. *Lamar v. State* (1977), 266 Ind. 689, 696, 366 N.E.2d 652, 656, *reh. den.* Because the existence of the attorney client relationship in the instant case is a neutral explanation why the State exercised a peremptory challenge, we do not determine that the trial court abused its discretion by overruling Williams' objection to the peremptory challenge of this juror.

The final black juror challenged by the State was a counselor at the Family and Children's Center. The explanation offered by the State for this challenge was that this juror might have a liberal view of sexual behavior and that she might not be fair and impartial because of her employment as a social worker.

Williams argued that the mere fact that black jurors were stricken by the State raised a question regarding the State's motives. The trial court was not persuaded by this argument and neither are we. Out of a total of thirty prospective jurors, of which only three were black, the trial court granted two challenges for cause, Williams exercised nine peremptory challenges, and the State used six. Included in the six challenges issued by the State were the three black jurors. The neutral explanations offered by the State for challenging the blacks and the totality of the facts of the jury selection process contained in the record do not give rise to an impermissible inference of discriminatory purpose. The simple absence of black jurors is insufficient, without more, to establish a violation of Williams' constitutional right of due process. *Weekly*, 496 N.E.2d at 31.

The trial court is affirmed.

HOFFMAN and BUCHANAN, JJ., concur.