**Richard C. STAMPS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 82S00–8601–CR–18.**

Supreme Court of Indiana.

Nov. 24, 1987.

John F. Davis, Mary Jane Humphrey, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Richard Stamps was convicted of murder. In this direct appeal he presents the following issues:

1. denial of fair trial because of prosecutor's peremptory challenges;
2. application of *Patterson* exception to hearsay rule;
3. admissibility of cropped photograph of victim;
4. opinion testimony.

We affirm.

### 1. Peremptory Challenges

■ Defendant first contends that the trial court erred in subjecting him, a black man, to a jury trial in which the State had improperly used its peremptory challenges to exclude two black persons from the jury.

The equal protection clause of the Fourteenth Amendment forbids the prosecutor from challenging potential jurors solely on account of their race. *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69; *Weekly v. State* (1986), Ind., 496 N.E.2d 29. In order to demonstrate purposeful discrimination in the selection of the petit jury, a defendant must show that he is a member of a cognizable racial group, that the prosecutor has peremptorily challenged members of the defendant's race, and that these facts and other relevant circumstances raise an inference that the prosecutor excluded prospective jurors because of their race. *Batson*, 476 U.S. at 96–98, 106 S.Ct. at 1723, 90 L.Ed.2d at 87–88; *Weekly*, 496 N.E.2d at 31. Once these factors are shown, purposeful discrimination will be presumed unless the prosecutor presents a neutral explanation for his exercise of peremptory challenges. The explanation must relate to the particular case to be tried, but need not rise to the level justifying exercise of a challenge for cause. *Id.*

Following the completion of voir dire questioning by both parties, including each party's use of the full amount of allotted peremptory challenges, but before the jury was sworn, defense counsel requested an opportunity to make a motion outside the jurors' presence. Before allowing the motion, the trial court swore in the jury. Defendant then orally objected, asserting that the State had systematically excluded the only two black members of the jury by use of his peremptory challenges, and claimed as a result that the defendant was denied equal protection of the law, due process of law, and the right to a fair and impartial trial. Defense counsel also requested the cause to be withdrawn from the jury, and moved for mistrial.

In response, the prosecutor explained that his actions had nothing to do with race, but were based upon the jurors' responses to voir dire questions. The prosecutor did not particularize his reasoning beyond stating that he "did not believe it would be appropriate to have these individuals on the jury," and that "[i]t had nothing to do with their race." (R. 83)

In deciding whether defendant has made the requisite showing, the trial court should consider all relevant circumstances. *Batson*, 476 U.S. at 96–98, 106 S.Ct. at 1723, 90 L.Ed.2d at 88. We share the confidence expressed by the United States Supreme Court that:

> [T]rial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors.

*Id. Batson* also observes that a prosecutor may not rebut a defendant's prima facie case of discrimination merely by denying that he had a discriminatory motive. *Id.*

■ We find that neither party provided sufficient explanations to satisfy the requirements of *Batson* and *Weekly*. The defendant failed to show the trial court that the prosecutor's peremptory challenges and other relevant circumstances raised an inference of purposeful exclusion of jurors because of race. The prosecutor's explanation wholly failed to provide sufficient particulars explaining any neutral basis for his peremptory challenges. If defendant had been able to demonstrate an inference that potential jurors were excluded because of race, the prosecutor's explanation would have been insufficient to overcome the inference.

■ Faced with the issue presented, and having personally observed voir dire, the

trial judge denied the motions to withdraw submission and for mistrial. The trial court is vested with broad discretion and responsibility to regulate voir dire, and its decision will generally be reversed only on a showing of manifest abuse of discretion and denial of fair trial. *Hall v. State* (1986), Ind., 497 N.E.2d 916; *Linder v. State* (1985), Ind., 485 N.E.2d 73. The record supports the ruling of the trial court. The voir dire responses of the excused black persons provide a basis for the legitimate exercise of peremptory challenges. One potential juror disclosed strong religious convictions which could impair her ability to serve as a juror. The other's responses indicate that she was having substantial difficulty in understanding and following the proceedings.

We decline to find error in the trial court's denial of defendant's motion to withdraw submission and for mistrial.

### 2. Hearsay

■ Defendant next contends that the trial court erred in its rulings regarding admission of evidence under *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. Defendant first claims error in the admission of evidence under the *Patterson* exception to the hearsay rule before the declarant testified. This Court has previously found no violation of *Patterson* where the declarant later testifies regarding the same matter after his out-of-court statement has been proved. *See, e.g., Taylor v. State* (1986), Ind., 496 N.E.2d 561; *Short v. State* (1982), Ind., 443 N.E.2d 298; *Remsen v. State* (1981), Ind., 428 N.E.2d 241, *later proceeding*, (1986), Ind., 495 N.E.2d 184; *Bundy v. State* (1981), Ind., 427 N.E.2d 1077; *Brown v. State* (1979), 271 Ind. 129, 390 N.E.2d 1000. In the instant case, the declarant did testify after his out-of-court statement was proved and was subjected to cross-examination concerning the statement. Thus, the trial court did not err in admitting the evidence.

■ Defendant next contends that the trial court erroneously refused to permit other testimony which should have qualified for admission under the *Patterson*

rule. We disagree. It is within the trial court's discretion to decide whether a particular statement should be admitted when the out-of-court declarant is available. *Doerner v. State* (1986), Ind., 500 N.E.2d 1178; *Gaunt v. State* (1983), Ind., 457 N.E.2d 211. Exclusion of evidence which is arguably relevant will not be reversed absent a showing of manifest abuse of discretion or denial of fair trial. *Jackson v. State* (1986), Ind., 490 N.E.2d 1115. We decline to find manifest abuse of discretion or denial of fair trial on this issue.

### 3. Photographic Evidence

■ Defendant next claims error in the trial court's admission of a cropped photograph of the victim. He argues that the State failed to establish the relevancy of the photograph in light of his offer to stipulate to the cause of death and identity of the victim.

In *Brown v. State* (1987), Ind., 503 N.E.2d 405, 409, we stated:

> Admission of photographs is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion .... Generally, a photograph is relevant and admissible if it depicts an object or scene which a witness would be permitted to describe through testimony .... Photographs of a victim's corpse in a homicide case are relevant to prove the identity of the victim.

The admission of a relevant photograph becomes reversible error only if its tendency to inflame the passions of the jury due to its gruesomeness clearly outweighs its relevancy. *Brown v. State* (1983), Ind., 448 N.E.2d 10. Moreover, merely because defendant offers to stipulate to the victims identity and cause of death does not compel exclusion of the exhibit. One party's willingness to enter into a stipulation has no significance unless the other party is also willing to enter the stipulation. *Id.*

At trial, the first police officer at the shooting scene identified the person depicted in the photograph as the murder victim. In response to defendant's objection, the State offered to crop most of the blood from around the victim prior to the photo-

graph's admission. After cropping, the photograph depicted the victim's face and head as she lay in the hospital. Very little blood remained to be seen. It was not improper for the trial court to conclude that the relevancy of the resulting exhibit outweighed its tendency to inflame the passions of the jury. Its admission did not constitute reversible error.

### 4. Cross Examination

◼ Defendant finally contends that the trial court erred in sustaining the State's objections during cross-examination.

As its first witness, the State presented the testimony of a police officer who was dispatched to investigate the shooting death, and who took a statement from the defendant. During cross-examination, defendant asked the officer whether he saw "any evidence of drinking by anyone else," and whether he saw "anything in the house that would indicate to you that other people were drinking." The State objected to each question as calling for a conclusion. Defendant contends that the trial court's rulings sustaining the objections constitute reversible error.

While claiming that he was "greatly prejudiced" because he was unable to ascertain the observations of the investigating officer, defendant fails to present argument tending either to show error in the trial court's ruling or to explain the specific nature of any resulting harm. Furthermore, the defendant was subsequently permitted to question the officer regarding the existence and nature of liquor bottles, wine bottles, and glasses at the house. Defendant has not shown error on this issue.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.