**David J. ISOM, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A05–9106–CR–171.**

Court of Appeals of Indiana,
Fifth District.

Feb. 10, 1992.

Transfer Denied March 24, 1992.

William G. Bruns, Cannon & Bruns, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Appellant David J. Isom appeals his conviction of dealing in cocaine, a Class B felony. Five restated issues are presented:

1. Was appointment of counsel with no criminal jury trial experience an abuse of discretion?

2. Was Isom's trial counsel ineffective?

3. Was it error to sustain the State's peremptory challenges to the only two black jurors on the panel?

4. Was it reversible error to permit hearsay testimony?

5. Was it error to limit defense counsel's inquiry concerning benefits received by the confidential informant?

## FACTS

On February 24, 1988 Trooper Wayne Billings of the Indiana State Police and a confidential informant entered Bob's Tavern in Muncie, Indiana. While inside, the confidential informant introduced Billings to an individual called "Bay Bay." Billings

asked "Bay Bay" if he had any "Cane," a street name for cocaine. In response, "Bay Bay" produced two small plastic bags of white powder. Billings selected one bag and paid "Bay Bay" fifty dollars. Billings later identified "Bay Bay" as appellant Isom. The white powdery substance proved to be cocaine.

## QUALIFICATIONS OF TRIAL COUNSEL

■ On the day of trial, Isom informed the court of his dissatisfaction with his appointed counsel, indicating his belief that she was too inexperienced in criminal law to provide him with an adequate defense. Trial counsel acknowledged that while she had no criminal jury trial experience, she had represented criminal clients and was an experienced civil attorney. The trial judge expressed his confidence that counsel could provide "a good and capable defense" for Isom and declined to permit a change of appointed counsel. Isom claims this decision amounted to an abuse of discretion.

"The right to counsel in a criminal proceeding does not mean the defendant has an absolute right to be represented by counsel of his own choosing. The appointment of pauper counsel is within the discretion of the trial court and will be reviewed only for an abuse of that discretion." *Harris v. State* (1981), Ind., 427 N.E.2d 658, 660. The trial judge obviously considered chosen counsel capable of handling Isom's defense and Isom's protestations to the contrary indicate only a difference in opinion rather than an abuse of discretion.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Upon review, the assistance of counsel is measured against a "reasonably effective assistance" standard. *Burr v. State* (1986), Ind., 492 N.E.2d 306. Thus, judicial scrutiny should be deferential and undistorted by hindsight, with "[i]solated poor strategy, [in]experience, or bad tactics" not implying ineffectiveness; the appellant must show "strong and convincing evidence" to overturn a presumption of competence. *Burr, supra,* at 308, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. When determining whether a defendant has received ineffective assistance of counsel, we engage in a two-step analysis. First, we must determine whether the acts or omissions of counsel are outside the wide range of professionally competent assistance. If so, we must then determine whether such acts or omissions prejudiced the defendant. *Sulie v. State* (1988), Ind., 522 N.E.2d 380.

Isom identifies three areas of alleged ineffectiveness by his trial counsel: (1) failure to request a mistrial following the State's peremptory challenge of two black jurors; (2) failure to subpoena Officer Gary McDonald; and (3) failure to investigate the availability of the confidential informant. He urges that each miscue independently, or in the alternative the three combined, lead unerringly to the conclusion that he was deprived of his right to effective assistance of counsel.

■ (1) *Peremptory challenge of black jurors.* Defense counsel objected to the State's use of its peremptory challenges to remove the only two black jurors from the panel of prospective jurors. Isom argues that counsel was ineffective because she failed to subsequently "make a motion for mistrial in order to further preserve the record for purposes of appeal." While a motion for a mistrial is an appropriate means to challenge the purposeful exclusion of jurors based on race, *Minniefield v. State* (1989), Ind., 539 N.E.2d 464, a timely objection to the striking of a juror adequately preserves the issue for review on appeal. *Burkes v. State* (1983), Ind., 445 N.E.2d 983. Thus, we fail to see any merit in Isom's contention that failure to request a mistrial rendered his counsel's performance ineffective.

■ (2) *Failure to secure the testimony of Officer Gary McDonald.* Defense counsel intended to present the testimony of

Officer McDonald. However, because she relied on the prosecutor's assertion that Officer McDonald would be under subpoena by the State, she did not subpoena him for the defense. On the day of trial, defense counsel discovered that Officer McDonald had not been subpoenaed by either side and was not present or available. The trial judge denied defense counsel's request for a continuance or in the alternative permission to admit the police report prepared by Officer McDonald. Defense counsel did not make an offer to prove the testimony of Officer McDonald. Isom contends that counsel erred in not making an offer to prove. We agree. However, merely establishing trial error will not support a claim of ineffective assistance of counsel. In addition to error, prejudice must be established. *Strickland, supra.* Isom provides no clue concerning either the substance or the relevance of Officer McDonald's testimony. As such, he fails to establish any prejudice to his case and therefore also fails to establish ineffective assistance of counsel.

■ (3) *Availability of confidential informant.* A confidential informant introduced Isom to Billings, the undercover officer who purchased the cocaine. Isom asserts ineffective assistance of counsel based on counsel's failure to investigate the confidential informant. Once again, Isom fails to present any argument that as a result of counsel's actions, or lack thereof, he suffered prejudice. A mere assertion of error, absent evidence of prejudice, will not support a claim of ineffective assistance of counsel. *Sulie, supra.*

### PEREMPTORY CHALLENGES OF BLACK JURORS

■ The prosecutor used peremptory challenges to remove the only two black jurors from the panel of prospective jurors. Isom contends that such peremptory exclusion was a denial of equal protection. Until recently, in order to succeed in such a claim, a defendant had to establish that: (1) he is a member of a cognizable racial group; (2) the prosecutor has peremptorily challenged members of the defendant's race; and (3) the facts and other relevant circumstances raise an inference that the prosecutor used that practice to exclude veniremen from the jury due to their race. *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69; *Minniefield, supra.* However, in *Powers v. Ohio* (1991), —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411, the requirement that the defendant and the challenged juror share the same race was eliminated. If the remaining factors are satisfied, then the burden shifts to the prosecutor to present an explanation for the challenge to the jurors. *Id.* That explanation must be race neutral, but need not rise to the level necessary to sustain a challenge for cause. *Splunge v. State* (1988), Ind., 526 N.E.2d 977. It then becomes the province of the trial court to determine whether purposeful discrimination occurred. *Id.*

■ Isom demonstrated that he is black, that the prosecutor peremptorily challenged two black prospective jurors, and that these two jurors were the only members of his race on the jury panel. Thus, the prosecutor's peremptory challenges raised an inference of racially discriminatory purpose. The burden at that point shifted to the prosecution to come forward with a neutral explanation for challenging the two jurors.

When questioned by the trial judge, the prosecutor explained that both prospective jurors knew the defendant and his family and that their responses raised questions about their ability to be fair. He further pointed out that one of the two challenged jurors, juror # 6, had a criminal record.

The trial judge determined that the prosecutor had provided acceptable race neutral reasons for the challenges. In so ruling, he specifically mentioned juror # 3's acquaintance with the defendant and his family, the fact her brother had been tried for murder and her relationship with police officers. In respect to juror # 6, the judge

specifically mentioned that the juror had been a witness in a murder trial and that she was related to a police officer.

■ Juror # 3's acquaintance with the defendant was a sufficient race neutral reason to sustain the peremptory challenge. *Splunge, supra.* It is unclear whether juror # 6 was also acquainted with defendant as the second juror claiming such a relationship is not identified by name in the record. However, Isom seems to accept the prosecutor's statement that both jurors were acquaintances. Notwithstanding juror # 6's possible acquaintance with Isom, the other reasons articulated by the prosecutor, including prior involvement with the criminal justice system and a criminal history, were sufficient to support the trial judge's determination that the reason behind the peremptory challenge was not race discriminatory. Consequently, we find no error on the part of the trial judge in sustaining the prosecutor's peremptory challenges to the only two black venire members.

## ADMISSION OF HEARSAY

■ The trial court granted Isom's motion in limine prohibiting introduction of "any statements made or information provided by a certain confidential informant." Nevertheless, Trooper Billings testified at trial that when the confidential informant introduced him to Isom, the informant referred to Isom as "Bay Bay." Defense counsel properly objected and moved to strike the statement.[1] The trial judge overruled the objection.

Isom claims that Trooper Billings' statement was hearsay and thus inadmissible. He is correct. The statement was clearly hearsay and the trial judge erred in overruling Isom's objection to the statement.

However, "the erroneous admission of evidence is reversible error only if it results in prejudice to the defendant." *Davis v. State* (1988), Ind., 520 N.E.2d 1271, 1274. Isom claims the improper admission of the testimony referring to the confidential informant's use of the name "Bay Bay" aided in "establishing the identification of the defendant." His argument that prejudice resulted from the erroneous admission is not convincing. Trooper Billings met Isom face-to-face in the bar. He later identified Isom from a photographic array and in court as the person who sold him the cocaine. There is no evidence that the knowledge that Isom was known as "Bay Bay" on the streets affected Billings' identification of Isom as the individual involved in the sale of cocaine. Further, both Isom's brother and girlfriend testified that Isom's street name was "Bay Bay". "Erroneously admitted evidence which is cumulative of other, properly admitted evidence does not establish the prejudice required for reversal." *Id.* at 1274. Because the hearsay statement was merely cumulative of other properly admitted evidence, the error was harmless.

## LIMITATION ON CROSS EXAMINATION

■ Defense counsel asked Trooper Billings what the confidential informant received in exchange for her assistance. The trial court sustained the prosecutor's objection to the question. Isom contends that the informant's credibility was an important issue in the case and that blocking this avenue of cross-examination amounted to reversible error. We disagree.

The confidential informant merely introduced Billings to Isom. Her role in the transaction was negligible and she did not testify at trial. Her credibility or lack

---

1. Defense counsel did not mention the word "hearsay" in her objection. However, she did refer to "who said what" and "did the Defendant say it or did the confidential informant say it" and "[i]t's what the confidential informant told him." This objection could either refer solely to the motion in limine preventing mention of statements by the confidential informant or it could refer to hearsay. Because the State chose to respond to appellant's hearsay argument and the objection is ambiguous, we address the issue as if defense counsel objected on the basis of hearsay.

thereof was irrelevant to the case. Further, Lieutenant Anthony Mench of the Muncie police department was later questioned, without objection, concerning any benefits provided to the confidential informant. He testified that she was a volunteer who was concerned about neighbors and family members being drawn into drug activity. He also testified that to his knowledge she had no pending criminal charges against her, that she "wasn't working off anything", and that her actions were purely voluntary.

Given the minor involvement of the confidential informant, we perceive neither error nor harm in the judge's decision limiting cross-examination.

AFFIRMED.

RUCKER and SULLIVAN, JJ., concur.