**Valentino DOUGLAS, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

**No. 71A03–9309–CR–294.**

Court of Appeals of Indiana, Third District.

June 29, 1994.

---

Kenneth M. Hays, Appointed Counsel, South Bend, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Valentino Douglas appeals his conviction of robbery, a class B felony.[1] He presents for this court's review a single issue: whether the State violated Douglas' right to equal protection of the law by exercising a peremptory challenge to a member of Douglas' race.

We affirm.

Douglas, an African–American, was charged with robbery while armed with a deadly weapon. During voir dire, the State exercised a peremptory challenge to strike an African–American woman from the venire. Douglas objected:

"She is the only member of the twelve people who are sitting in the box who is black. As I look around in the balance of people in the panel, I think that there is only one other black person. And I believe all of her responses were neutral, and would therefore object to excusing Miss Kimbrough based on the *Batson* decision."

The State responded:

"Your Honor, I believe for one thing she exhibited what I consider some slowness, especially in response to both my questions and Mr. Hays' questions. At some point Mr. Hays asked a couple of questions. I think he responded more so than she did. And she basically agreed with what he was saying. I don't think he was trying to do anything. But she had a difficulty making up her mind. In addition, she's been involved in a case where the State prosecuted either her son or daughter. And, at one point at least, subpoenaed her. I think—if I can run back to the desk I also have some information that family members have convictions in addition."

Record, pp. 244–45.

■ To establish a *prima facie* case of purposeful racial discrimination based on the use of peremptory challenges, a defendant must show that the prosecutor peremptorily challenged members of a certain race and relevant circumstances raise an inference that the challenged persons were excluded because of race. *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (as modified by *Powers v. Ohio* (1991) 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411); *Isom v. State* (1992), Ind.App., 585 N.E.2d 1347, 1350, *trans. denied.*

■ If these factors are shown, the prosecutor must come forward to provide a neutral explanation for the challenge(s) used. *Minniefield v. State* (1989), Ind., 539 N.E.2d 464, 466, *reh. denied.* The explanation need not rise to the level necessary to make a challenge for cause. *Splunge v. State* (1988), Ind., 526 N.E.2d 977, 980, *reh. denied, cert. denied* 490 U.S. 1110, 109 S.Ct. 3165, 104 L.Ed.2d 1028. The trial court must then

---

1. IND.CODE 35–42–5–1.

determine if purposeful discrimination was established. The decision of the trial court will be given great deference upon appeal. *Id.*

 Here, the trial court determined that purposeful discrimination was not established because the State articulated a legitimate reason for the peremptory challenge to Kimbrough—the fact that her child had been prosecuted. During *voir dire*, Kimbrough disclosed that her child had been prosecuted and that she was "uncomfortable" with the prosecutor's decision to file charges. Record, p. 240. The exercise of a peremptory challenge is not violative of *Batson* where the challenged individual or a family member has had previous involvement with the criminal justice system. *Nicks v. State* (1992), Ind., 598 N.E.2d 520, 523; *Isom, supra,* at 1351. The trial court did not err in sustaining the State's peremptory challenge to Kimbrough.

Affirmed.

HOFFMAN and KIRSCH, JJ., concur.