**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 18 2013, 6:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN C. LITZ**
Monrovia, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMIAH WALLS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 55A01-1212-CR-581 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Jane Spencer-Craney, Judge
Cause No. 55D03-1201-FC-103

**July 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Jeremiah Walls was charged with misdemeanor battery, resisting law enforcement, and disorderly conduct. At trial, Walls argued that the State violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution by striking the only African-American member of the jury venire from the jury. The State presented a race-neutral reason for striking the prospective juror in question. The trial court accepted this race-neutral reason and found that the State did not violate the Fourteenth Amendment by striking the prospective juror. At the close of evidence, Walls tendered a proposed jury instruction relating the presumption of innocence. The trial court did not give this instruction to the jury, finding that its content was covered by other jury instructions. On appeal, Walls challenges the trial court's determination that the State did not violate the Fourteenth Amendment by striking the prospective juror in question, and the trial court's refusal to give his tendered jury instruction. Concluding that the State provided a race-neutral reason for striking the juror in question and that the trial court did not abuse its discretion in instructing the jury, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On January 20, 2012, the State charged Walls with one count of Class A misdemeanor battery, one count of Class A misdemeanor resisting law enforcement, and two counts of Class B misdemeanor disorderly conduct. During voir dire, the trial court asked the prospective jurors whether any of them knew either the deputy prosecutor or defense counsel. Two prospective jurors, including Prospective Juror Jocelyn Hair, indicated that they knew defense counsel. Both of these prospective jurors were eventually struck from the list of

2

potential jurors. After the State indicated that it would use a peremptory challenge to strike Prospective Juror Hair, who was the only African-American member of the jury venire, Walls raised a challenge under *Batson v. Kentucky*.[1] The State provided a race-neutral reason for striking Prospective Juror Hair, that being that she was defense counsel's neighbor. The trial court accepted the State's race-neutral reason for striking Prospective Juror Hair and found that no *Batson* violation had been committed.

At the conclusion of the evidence, Walls tendered a list of jury instructions, including an instruction relating to the presumption of innocence. The trial court refused to give Walls's tendered instruction relating to the presumption of innocence, finding that the instruction was covered by the trial court's other instructions. Following trial, the jury found Walls guilty as charged. The trial court subsequently sentenced Walls to an aggregate term of one year. This appeal follows.

## DISCUSSION AND DECISION

### I. Whether the State Committed a *Batson* Violation by Striking Prospective Juror Hair

Walls contends that the trial court erred by allowing the State to strike Prospective Juror Hair, the only African American member of the jury venire, in violation of *Batson v. Kentucky*. In making this *Batson* challenge, Walls claims that the State failed to provide a race-neutral explanation for striking Prospective Juror Hair. With respect to *Batson* challenges, the Indiana Supreme Court has held:

---

[1] 476 U.S. 79 (1986).

3

Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure. The exclusion of even a sole prospective juror based on race, ethnicity, or gender violates the Fourteenth Amendment's Equal Protection Clause.

Pursuant to *Batson* and its progeny, a trial court must engage in a three-step process in evaluating a claim that a peremptory challenge was based on race. First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination. A step two explanation is considered race-neutral if, on its face, it is based on something other than race. Although the burden of persuasion on a *Batson* challenge rests with the party opposing the strike … the third step–determination of discrimination–is the "duty" of the trial judge. The trial court evaluates the persuasiveness of the step two justification at the third step. It is then that implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination. Also, at the third stage, the defendant may offer additional evidence to demonstrate that the proffered justification was pretextual.

*Cartwright v. State*, 962 N.E.2d 1217, 1220-21 (Ind. 2012) (citations and quotations omitted).

On appeal, the reviewing court gives the trial court's Batson decision "broad latitude" and will reverse "only where the trial court's decision is clearly erroneous." *Thompson v. State*, 966 N.E.2d 112, 120 (Ind. Ct. App. 2012).

During voir dire, Prospective Juror Hair admitted that she knew defense counsel. Prospective Juror Hair indicated that she and defense counsel were neighbors and that they socialized occasionally during neighborhood functions such as neighborhood meetings. The State exercised a peremptory challenge and struck Prospective Juror Hair from the jury venire. Walls argued that the State's decision to strike the only African-American member of the jury venire created a prima facie showing that a peremptory challenge has been exercised

4

on the basis of race. The State then provided a race-neutral reason for striking Prospective Juror Hair, explaining that it was striking Prospective Juror Hair because she was defense counsel's neighbor. The trial court accepted the State's justification for striking Prospective Juror Hair and found that the State did not violate *Batson* by striking her.

The crucial players to a criminal proceeding include, but may not be limited to, the trial judge, counsel, the defendant, and potential witnesses. Relevant case law clearly indicates that the fact that a prospective juror knows a crucial player in the trial is a sufficient race-neutral explanation for exercising a peremptory challenge. *See e.g., Chubb v. State*, 640 N.E.2d 44, 50 (Ind. 1994) (providing that the State presented a race-neutral explanation for striking the prospective juror by showing that the juror was familiar with a prospective defense witness); *Hawkins v. State*, 626 N.E.2d 436, 440 (Ind. 1993) (providing that the State presented a race-neutral explanation for striking a prospective juror by showing that the prospective juror knew defendant and his family); *Phillips v. State*, 496 N.E.2d 87, 89 (Ind. 1986) (providing that the State presented a race-neutral explanation for striking a prospective juror by showing that the prospective juror knew one of the potential witnesses); *Thompson*, 966 N.E.2d at 121 (providing that the State presented a race-neutral explanation for striking a prospective juror by showing that the prospective juror's brother was a member of law enforcement who had previously worked with the deputy prosecutor); *Isom v. State*, 585 N.E.2d 1347, 1350 (Ind. Ct. App. 1992) (providing that the State presented a race-neutral explanation for striking the prospective jurors by showing that they were acquaintances of defendant and defendant's family), *trans. denied*; *Williams v. State*, 507 N.E.2d 997, 998-99

(Ind. Ct. App. 1987) (providing that the State presented a race-neutral explanation for striking the prospective jurors by showing that the prospective juror had previously been represented by defense counsel).

In the instant matter, defense counsel would qualify as a "crucial player" at trial. The record indicates that two members of the jury venire knew defense counsel. Both were ultimately struck from the jury venire. The State presented a race-neutral reason for striking Prospective Juror Hair, and nothing in the record supports a finding that Prospective Juror Hair was treated differently than any other prospective juror because of her race. Accordingly, we conclude that the trial court's determination that the State did not commit a *Batson* violation by striking Prospective Juror Hair was not clearly erroneous.

## II. Whether the Trial Court Abused its Discretion in Instructing the Jury

Walls also contends that the trial court erred in instructing the jury. Instruction of the jury is generally within the discretion of the trial court and is reviewed only for an abuse of that discretion. *Lee v. State*, 964 N.E.2d 859, 862 (Ind. Ct. App. 2012), *trans. denied*.

> When reviewing the refusal to give a proposed instruction, this court considers: (1) whether the proposed instruction correctly states the law; (2) whether the evidence supports giving the instruction; and (3) whether other instructions already given cover the substance of the proposed instruction. To constitute an abuse of discretion, the instruction given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury.
>
> Before a defendant is entitled to a reversal, he or she must affirmatively show that the erroneous instruction prejudiced his substantial rights. An error is to be disregarded as harmless unless it affects the substantial rights of a party. Errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise.

6

*Id*. at 862-63 (internal citations and quotation omitted). "Generally, '[t]he purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict.'" *Id*. at 862. (quoting *Overstreet v. State,* 783 N.E.2d 1140, 1163 (Ind. 2003)).

During trial, Walls tendered the following instruction pertaining to the presumption of innocence to the trial court:

> Under Indiana law, a person charged with a crime is presumed to be innocent. This presumption continues in the defendant's favor throughout the trial. To overcome the presumption of innocence, the State must prove each essential element of the crime charged beyond a reasonable doubt. The Defendant is not required to present any evidence to prove his innocence or to prove or explain anything.
> You should attempt to fit the evidence to the presumption that the Defendant is innocent. If the evidence in this case is susceptible to two interpretations, each of which appears to you to be reasonable, one of which points to the defendant's guilt and the other to his innocence, it is your duty under the law to adopt that interpretation which is consistent with his innocence and reject that which points to his guilt.

Appellant's App. p. 9. Walls's tendered instruction cited to this court's opinion in *Lee*, which cited to the Indiana Supreme Court's decision in *Robey v. State*, 454 N.E.2d 1221 (Ind. 1983). The trial court refused Walls's tendered instruction on the basis that its substance was covered by the court's own instructions which read as follows:

> Under the law of this State you must presume that the Defendant is innocent. You must continue to believe he is innocent throughout the trial, unless the State proves that the defendant is guilty, beyond a reasonable doubt, of every essential element of the crimes charged.
> Since the defendant is presumed to be innocent, he is not required to present any evidence to prove his innocence, or to prove or explain anything. If, at the conclusion of the trial, there remains in your mind a reasonable doubt concerning the defendant's guilt, you must find him not guilty.
> \* \* \* \*

7

You are the exclusive judges of the evidence, the credibility of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the memory, manner and conduct of the witness while testifying; any interest, bias or prejudice the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in the light of all of the evidence in the case.

*You should attempt to fit the evidence to the presumption that the defendant is innocent* and the theory that every witness is telling the truth. You should not disregard the testimony of any witness without a reason and without careful consideration. However, if you find that the testimony of a witness is so unreasonable as to be unworthy of belief, or if you find so much conflict between the testimony of witnesses that you cannot believe all of them, then you must determine which of the witnesses you will believe and which of them you will disbelieve.

In weighing the testimony to determine what or whom you will believe, you should use your own knowledge, experience and common sense gained from day to day living. You may find that the number of witnesses who testify to a particular fact, or the quantity of evidence on a particular point, does not control your determination of the truth. You should give the greatest weight to the evidence which convinces you most strongly of its truthfulness.

Appellant's App. pp. 18, 20 (emphasis added).

Walls asserts that the trial court abused its discretion in failing to give his tendered *Lee* instruction, arguing that, if requested, it is mandatory for a "*Lee*-type" instruction to be given. Appellant's Br. p. 7. *Lee* correctly states that in *Robey*, the Indiana Supreme Court stated that an instruction "'which advises the jury that the presumption of innocence prevails until the close of the trial, and that it is the duty of the jury to reconcile the evidence upon the theory of the defendant's innocence if they could do so, must be given if requested.'" *Lee*, 964 N.E.2d at 864 (quoting *Robey*, 454 N.E.2d at 1222). In *Lee*, this court concluded that the trial court's instruction did not adequately instruct the jury on the presumption of innocence

because it did not adequately explain the jury's duty to reconcile the evidence upon the theory of the defendant's innocence if they could do so. *Id*. at 865. Walls's reliance on our opinion in *Lee* is misplaced, however, because the instructions that were found to be lacking in *Lee* are distinguishable from the instructions given in the instant matter.

This court has held that a trial court need not use the exact language stated in *Lee* and *Robey* so long as the instruction ultimately given by the trial court instructs the jury that it should fit the evidence into the presumption that a defendant is innocent. *See Simpson v. State*, 915 N.E.2d 511, 520 (Ind. Ct. App. 2009), *trans. denied*. In *Simpson*, we determined that an instruction, which was substantively, if not exactly, the same as the instruction given by the trial court in the instant matter was sufficient to satisfy the *Robey* requirements relating to the presumption of innocence. 915 N.E.2d at 518-20. In light of our conclusion in *Simpson*, we conclude that unlike in *Lee*, the instruction given by the trial court in the instant matter was sufficient to satisfy the *Robey* requirements relating to the presumption of innocence.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.

9